UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brigitte McAdams, | No. 2:20-cv-01290-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| El Dorado County, et al., | |
| Defendants. | |

Plaintiff Brigitte McAdams brings this civil rights action under 42 U.S.C. § 1983 against El Dorado County and police officers M. French, B. Hellam and Sergeant Vissiere (collectively "defendants"), alleging excessive force and unlawful detention stemming from her arrest. *See generally* Compl., ECF No. 1. Defendants move to dismiss all claims as time-barred, among other reasons. *See generally* Mot. Dismiss, ECF No. 9. The matter is fully briefed. The court submitted the matter without a hearing. *See* Min. Order (July 7, 2021), ECF No. 13. The motion is **granted** without leave to amend.

I.   **FACTUAL ALLEGATIONS**

On October 6, 2015, Officers French, Hellam and Vissiere arrested McAdams, handcuffed her behind her back, and pushed her into the back seat of a police patrol vehicle. Compl. ¶¶ 9–10, 12. McAdams asked the officers several times to loosen the handcuffs and told them she had preexisting medical conditions. *Id.* ¶¶ 10–11. The officers refused her request. *Id.* ¶ 11. For two

hours, McAdams was held in the police vehicle, which was "overheated," in 95-degree heat, without air ventilation or water. *Id.* ¶ 12. After being detained in the car for that long, McAdams suffered an episode of tachycardia and loss of consciousness. *Id.* ¶¶ 12–13. She experienced dehydration, severe bruising and swelling in both wrists, as well as emotional distress. *Id.* ¶ 14. The handcuffs had restricted McAdams' blood flow, resulting in "permanent and non-reversible nerve damage to both [her] hands and wrists." *Id.* When one of three officers noticed McAdams "slumped over" in the back seat of the police vehicle, the officer called an ambulance that then took McAdams to a hospital. *Id.* ¶¶ 13–14. The next day, McAdams posted bail and was released. Opp'n at 4,[1] ECF No. 11. Several months later, on May 18, 2016, an El Dorado County prosecutor filed criminal charges against McAdams based on incidents leading to her prior arrest.[2] Def. Req. J. Not. at 4, Ex. 1, ECF No. 14-1. After a jury trial in El Dorado County Superior Court, the jury convicted McAdams on 5 counts of child abandonment on October 12, 2018. *Id.* at 7–10.

McAdams brings two § 1983 claims against defendants: excessive force and unreasonable seizure, in violation of the Fourth Amendment, and unlawful detention, in violation of the Fourteenth Amendment. Compl. ¶¶ 15–25.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to attack a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is disfavored and rarely granted: "[a] complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted). In deciding whether to grant a motion to dismiss, the court "accept[s] all factual

---

[1] The court cites to pagination assigned by its CM/ECF system.

[2] Defendants request the court take judicial notice of the criminal case record against McAdams in El Dorado County Superior Court. *See* Def. Req. J. Not., Ex. 1, ECF No. 14-1. Plaintiff did not file any opposition to this request. The court takes judicial notice of adjudicative facts in that record that are not subject to reasonable dispute, Fed. R. Evid. 201(b)(1), and **grants** defendants' request.

allegations of the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citations omitted). For example, matters of public record may be considered under Fed. R. Civ. P. 201, including pleadings, orders and other papers filed with the court or records of administrative bodies. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

"Where the facts and dates alleged in a complaint demonstrate that the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6) motion should be granted." *Ritchie v. United States*, 210 F. Supp. 2d 1120, 1123 (N.D. Cal. 2002). There is no requirement, however, that affirmative defenses, including statutes of limitation, appear on the face of the complaint. *Hyatt Chalet Motels, Inc. v. Carpenters Local 1065*, 430 F.2d 1119, 1120 (9th Cir. 1970). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (1980); *see also TwoRivers*, 174 F.3d at 991.

**III.   ANALYSIS**

Defendants argue principally the court must dismiss McAdams's civil rights claims because they are time-barred. *See* Mem. P. & A. at 3–6, ECF No. 9. Because the court agrees as explained below, it does not reach the merits of defendants' alternative arguments. Because § 1983 does not contain its own statute of limitations, "[f]ederal courts borrow from state law to determine any applicable statute of limitations for § 1983 claims, including tolling provisions." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020). For personal injury claims, California's statute of limitations period is two years. *See* Cal. Civ. Proc. Code § 335.1 ("Two

1  years; actions for assault, battery or injury . . . caused by wrongful act or neglect."). The two-year
2  statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury
3  which is the basis of the action." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir.
4  2004) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999)).

5  Here, unless the statute of limitations was tolled after McAdams's claims accrued, her
6  claims are barred by California's two-year statute of limitations. "[F]ederal law determines when
7  a civil rights claim accrues." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048
8  (9th Cir. 2008) (citations, emphasis omitted). Excessive force claims accrue on the date of the
9  arrest. *Hill v. City of Los Angeles*, No. 08-7689, 2009 WL 2601250, at *3 (C.D. Cal. Aug. 21,
10  2009). Here, McAdams's claims accrued October 6, 2015, the date when she was arrested. *See*
11  Compl. ¶ 9. She filed this lawsuit on June 28, 2020, more than four and a half years after her
12  claims accrued. *Id.* at 1.

13  "State law governs the application of tolling doctrines." *Hill*, 2009 WL 2601250, at *4.
14  California Government Code section 945.3 provides that the statute of limitations is tolled while
15  criminal charges are pending. Cal. Gov't Code § 945.3 ("No person charged . . . [with] a criminal
16  offense may bring a civil action . . . against a peace officer or the public entity employing a peace
17  officer based upon conduct of the peace officer relating to the offense . . . while the charges
18  against the accused are pending before a superior court."). The purpose behind the tolling
19  provision is to prohibit plaintiffs from using civil complaints as "bargaining chip[s] in plea
20  negotiations" or "discovery tools to probe the prosecution's case." *Schmidlin v. City of Palo Alto*,
21  157 Cal. App. 4th 728, 758 (Cal. Ct. App. 2007).

22  The parties dispute when and for how long the statute of limitations tolled. *See* Opp'n at
23  3–5; Reply at 2–3, ECF No. 14. McAdams argues the court must apply California's
24  interpretation of section 945.3, as elucidated in *Schmidlin*, rather than the approach outlined by
25  the Ninth Circuit in *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379–81 (9th Cir. 1998)
26  and *Torres v. City of Santa Ana*, 108 F.3d 224, 227 (9th Cir. 1997). *See* Opp'n at 3–5. The court

1   need not decide whether *Cabrera* and *Torres* remain good law in light of *Schmidlin* because
2   McAdams's claims are untimely under both frameworks.[3]

3       In *Cabrera* and *Torres*, tolling begins the date an accusatory pleading is filed in a court
4   and ends the date the court enters its final disposition of the criminal charges. *Cabrera*, 159 F.3d
5   at 379–81; *Torres*, 108 F.3d at 227. Applying this approach here, tolling began on May 18, 2016,
6   when the state prosecutor filed a criminal complaint against McAdams, Def. Req. J. Not. at 4, and
7   ended on October 12, 2018, when the Superior Court adjudicated McAdams's case, *id.* at 7–10.
8   The total time tolled is approximately 28 months[4] plus 24 days. Because McAdams filed her
9   complaint 56 months plus 22 days after her claim accrued, even with tolling McAdams' clock ran
10  slightly more than four months past the two-year statute of limitations and is untimely.

11      In *Schmidlin*, a period of tolling begins the date "the notice to appear [is] inferentially
12  served on defendant at the time of [her] release" and ends the date of "final disposition of the
13  charges," 157 Cal. App. 4th at 758–61; *see Brown v. Collins*, No. 28-1418, 2020 WL 1957559, at
14  *6 (C.D. Cal. Feb. 27, 2020) (notice to appear is accusatory pleading). When the statute of
15  limitations is tolled by issuance of a notice to appear, the statute resumes running 25 days after
16  the initial arrest, assuming immediate release, if no criminal complaint is filed by then.
17  *Schmidlin*, 157 Cal. App. 4th at 758–61 (citing Cal. Penal Code § 853.6(e), providing a
18  prosecutor must file a complaint within 25 days from time of arrest). Under *Schmidlin*, tolling
19  began the day after McAdams's arrest on October 7, 2015, when she was released with a notice to
20  appear. *See* Def. Req. J. Not. at 4. There are no allegations or judicially noticed facts showing a
21  prosecutor filed criminal charges against McAdams within the 25 days following her release. *See*
22  *generally* Compl.; Def. Req. J. Not. Therefore, the limitations clock resumed ticking on
23  October 31, 2015, twenty-five days after the October 7 arrest and continued to run through
24  May 18, 2016 when the prosecutor filed the criminal complaint against McAdams, for a total of

---

[3] The Ninth Circuit has not revisited *Cabrera* and *Torres*, although it distinguished those cases in *Jackson v. McMillen*, 249 F. App'x 530, 531 (9th Cir. 2007).

[4] Because McAdams did not miss the statute of limitations under any calculation by a mere day or days, the court provides the relevant time periods using total months as a basic measure of time plus any additional days.

six months, 18 days, which were not tolled.  Twenty-eight months plus 24 days were then tolled again, from May 18, 2016 to October 12, 2018 when the Superior Court adjudicated McAdams's case.  The clock started ticking again with the October 12 date until June 28, 2020 when McAdams filed this lawsuit, for 20 months, 16 days.  Under this framework the statute of limitations ran for slightly more than 27 months.  McAdams's claims are untimely by approximately two months, nine days.

Accordingly, all of McAdams's claims are time-barred by the applicable statute of limitations.  The court dismisses the claims without leave to amend because amendment would be futile.  *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

**IV.  CONCLUSION**

The court **grants** defendants' motion to dismiss without leave to amend.

This order resolves ECF No. 9.

IT IS SO ORDERED.

DATED:  December 21, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE